UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SCOTT SAFONT,**<br><br>                    Plaintiff,<br><br>v.<br><br>**STERLING JEWELERS, INC.** d/b/a **KAY JEWELERS**; and DOES 1-10<br><br>                    Defendant. | Civil Case No.: 15-4224<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.   This action arises out of Defendant Sterling Jewelers, Inc.'s (d/b/a Kay Jewelers) ("Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.   Over a three-month period, Defendant made hundreds of telephone calls to Plaintiff Scott Safont's ("Plaintiff") cellular telephone.

3.   All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1). Many of these calls were also made using a prerecorded voice.

4.   At no time did Defendant have consent to call Plaintiff Safont's cellular telephone using an automatic telephone dialing system or prerecorded voice.

5.   Furthermore, when the calls first began, Plaintiff explicitly told Defendant to stop calling him, yet the calls continued. Plaintiff has subsequently and repeatedly told Defendant to stop calling him, and those requests have been subsequently and repeatedly ignored.

## JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, and was directed at, this District. Venue is additionally proper because Plaintiff currently resides in this District.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of New York. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Defendant Sterling Jewelers, Inc. is, and at all times mentioned herein was, a corporation headquartered at 375 Ghent Road, Akron, Ohio 44333. Defendant conducts significant business in New York and nationwide.

11. Defendant Sterling Jewelers, Inc., is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

12. Does 1-10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## FACTS

13. Beginning no later than April 2015, and continuing through the date of this Complaint, Defendant placed numerous and repetitive telephone calls to Plaintiff's cellular telephone, number 786-###-5519.

14. These calls came in as frequently as six times per day, and were made regarding payment on Plaintiff's account.

15. All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. On each of these calls, when Plaintiff answered, he was greeted by a period of silence, typically followed by an audible click/beep before Defendant's system would connect Plaintiff to a live representative. This behavior is indicative of an automatic telephone dialing system.

17. In addition, many of these calls used a prerecorded or artificial voice.

18. While Plaintiff has previously done business with Defendant through its brand Kay Jewelers, at no point did Plaintiff provide Defendant with prior express consent to call Plaintiff's cellular telephone with an automatic dialing system and/or an artificial or prerecorded voice.

19. Furthermore, when these calls first began, Plaintiff, in no uncertain terms, told Defendant to stop calling him.

20. Plaintiff has continued to ask that Defendant stop calling him, to no avail.

21. Plaintiff has suffered actual damages as a result of the Defendant's telephone calls, including, but not limited to, device storage and data usage.

22. Plaintiff is also entitled to statutory damages.

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

23. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

24. Plaintiff received repeated calls from Defendant on his cellular telephone.

25. These calls all used an automatic telephone dialing system, and many used an artificial or prerecorded voice.

26. Plaintiff did not consent to Defendant placing such calls to his cellular telephone.

27. Furthermore, even if he had, Plaintiff told Defendant to stop calling, revoking his consent, yet Defendant continued to place these autodialed and/or prerecorded telephone calls to Plaintiff's cellular telephone.

28. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

29. Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Scott Safont prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227, *et seq.*;

B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award $500 per call for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B);

D. An award of $1500 per call for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3)(C);

E. An award of actual damages;

F.  An award of reasonable attorneys' fees and costs; and

G.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** July 20, 2015                    */s/ Jeremy M. Glapion*_____
                                            Jeremy M. Glapion
                                            **THE GLAPION LAW FIRM, LLC**
                                            1704 Maxwell Drive, Suite 102
                                            Wall, New Jersey 07719
                                            Tel: 732.455.9737
                                            Fax: 732.709.5150
                                            jmg@glapionlaw.com